# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

REFUGIO OSWALD SANCHEZ-NIETO,

              Petitioner,

      v.

TIMOTHY ROBBINS, et al.,

              Respondents.

Case No.  5:26-cv-03909-RAO

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

On July 14, 2026, Petitioner Refugio Oswald Sanchez-Nieto, represented by counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), challenging his current immigration detention.  Dkt. No. 1 ("Pet.").

Petitioner is a citizen of Mexico, who entered the United States in 2004 without inspection.  He was detained after an encounter with immigration agents during a large-scale operation in the Los Angeles area in March 2026.  *See generally* Pet.  The Petition states that Petitioner has been arrested only once – by immigration authorities – and has no convictions.  Petitioner has a stable household and three minor United States citizen children.  *Id*.  The Petition asserts that, pursuant to *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), an immigration judge has declined to consider a bond request for Petitioner.  *Id*. at 12.  The Petition claims that

Petitioner is entitled to such a bond hearing pursuant to the court order in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2026 WL 468284 (C. D. Cal. Feb. 18, 2026). *Id*. at 11.

The Petition claims Petitioner's continued detention violates the Immigration and Naturalization Act ("INA"), his constitutional due process rights, and the Administrative Procedure Act. *Id*. at 10-14. Petitioner seeks relief in the form of, *inter alia*, Petitioner's immediate release or, alternatively, an order directing Respondents to provide Petitioner with a bond hearing within seven days before a neutral immigration judge at which the government bears the burden of proving by clear and convincing evidence that Petitioner's continued detention is justified. *Id*. at 14-15.

Respondents filed their response on July 21, 2026 ("Answer"). Dkt. No. 8. The Answer states that Petitioner appears to be an eligible member of the Bond Eligible Class certified in *Maldonado Bautista*, and accordingly, entitled to a bond hearing under 8 U.S.C. § 1226(a). *Id*. at 2. Respondents request that if a bond hearing is ordered, the timing of the hearing be consistent with what courts in this district have generally ordered, which is to require a Section 1226(a) bond hearing be held within seven days. *Id*. at 3.

In his Reply, filed July 23, 2026, Petitioner does not oppose a bond hearing and asks that the Court order Respondents be required to prove by clear and convincing evidence that Petitioner's continued detention is justified. Dkt. No. 8.

In light of Respondents' acknowledgement that Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a) and Petitioner's non-opposition to such a hearing, IT IS ORDERED that:

(1) The Petition is GRANTED as to the violation of the INA claim and DENIED as moot as to the remaining counts;

(2) Respondents are enjoined from continuing to detain Petitioner unless he is provided with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven

2

(7) days of this Order, at which Respondents bear the burden of establishing by clear and convincing evidence that Petitioner is an unacceptable danger to the community or an unacceptable flight risk; and

(3) Respondents are directed to file a status report within 10 days of this Order substantiating compliance with the Court's Order.

IT IS SO ORDERED.

DATED:  July 28, 2026

/s/
_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

3